UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSVALDO CORREA-MARTINEZ,<br><br>      Plaintiff,<br><br>  v.<br><br>PEREYRA, et al.,<br><br>      Defendants. | Civ. Action No. 21-5988 (JXN) (MAH)<br><br>**OPINION** |

**NEALS**, District Judge

Plaintiff is a convicted and sentenced state prisoner at Northern State Prison in Newark, New Jersey. He is proceeding *pro se* with a civil rights complaint alleging claims under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) The Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A to determine whether the Court should dismiss it as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons below, the Court will dismiss the Complaint in its entirety.

**I. BACKGROUND**

The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion. From what the Court gathers, this case arises from Plaintiff's attempted suicide at Northern State Prison. Plaintiff names Dr. Pereyra, Nurse Samy, Officer Merringer, Ms. Russel, Rutgers Healthcare, Northern State Prison, the State of New Jersey, and the Mental Health Department as defendants.

Plaintiff provides the following factual basis for his claims:

> When I came here from "Craf" they knew I was in a very bad shape, mental & [physical]. They knew I try to kill myself when I was in Passaic County Jail. They got my medical records. This incident happen[ed] on May 25 in C-I-E, cell #120 – N.S.P. about 8:00 a.m. Everything is in [camera] and on my medical records. I try to get my medical records to get more info but until today, I don't got it, they keep telling me that they going to give it to me but the failure [sic] to do it.

(ECF No. 1, at 5–6.) Plaintiff further alleges that Dr. Pereyra, the head of the Medical Department at New Jersey State Prison, "order[ed] the nurse to give me K.O.P. knowing [that] I was sucid[al]." (*Id.* at 4.) According to Plaintiff, Nurse Samy brought the "K.O.P." to his cell, and Officer Merringer found Plaintiff "almost dead in my cell." (*Id.* at 4–5.) Finally, at an unpled time, Plaintiff alleges that he spoke with Ms. Russel from Court Line because Officer Merringer "wrote him up." (*See id.* at 5.) Ms. Russel did not listen to Plaintiff and gave him "91 days in lock up, 91 days loss of good time, and 30 [days] with no rec" even though Ms. Russel knew "this was a mental health call" because Plaintiff tried to kill himself.[1] (*Id.*)

## II.   **LEGAL STANDARD**

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

---

[1] It is not clear from the Complaint why Officer Merringer wrote Plaintiff up and whether it was a result of the events that transpired on May 25th. (*See id.*) It is also not clear whether Plaintiff spoke with Ms. Russel before or after May 25th because Plaintiff alleges that he also attempted suicide prior to May 25th at Passaic County Jail. (*See id.*)

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Moreover, a court may dismiss a complaint for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain statement" requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."

*Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain statement" requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93–94. However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93. The important consideration for the Court is whether "a *pro se* complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III.   DISCUSSION

With the principles above in mind, the Court finds that the Complaint fails to state a claim and comply with Federal Rule of Civil Procedure 8. Moreover, even if it did state a claim and comply with Rule 8, Plaintiff's claims against the State of New Jersey, Northern State Prison, and the Mental Health Department would still fail because these Defendants are not subject to liability under Section 1983.

#### A. Failure to State a Claim and Comply with Rule 8

As discussed above, Rule 8 requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even liberally construing the Complaint, Plaintiff fails to simply or directly allege what his claims are against each Defendant and fails to provide fair notice of the grounds on which he intends to rest his claims.

The Complaint contains nearly no factual allegations regarding the incident that gave rise to this action. (*See* ECF No. 1, at 4–6.) The Complaint merely alleges that Dr. Pereyra ordered Nurse Samy to give Plaintiff "K.O.P.," Nurse Samy brought "K.O.P." to Plaintiff's cell, and Officer Merringer found Plaintiff "almost dead." (*See id.*) The Court gleans that "K.O.P." may

refer to medication that officials allow Plaintiff to keep on person in his cell, but Plaintiff offers no further details about what transpired. For example, the Complaint fails to allege whether Dr. Pereyra and Nurse Samy provided him with an amount of medication that would be dangerous if not taken as directed, whether Plaintiff took the medication contrary to Dr. Pereyra and Nurse Samy's direction (or at all), and whether the medication was the reason why Officer Merringer found Plaintiff "almost dead." (*See id.*)

Moreover, the Complaint fails to contain any factual allegations regarding why or when Officer Merringer "wrote him up" and fails to explain how Officer Merringer's act of writing him up forms the basis of Plaintiff's claims against him. (*See id.*) Likewise, the Complaint fails to describe adequately the circumstances of Plaintiff's call with Ms. Russel. (*See id.*) Without such details, the Court is simply unable to discern the nature of Plaintiff's claims against the Defendants.

As a result, the Complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Accordingly, the Court will dismiss without prejudice Plaintiff's claims for failure to state a claim upon which this Court may grant relief and for failure to comply with Rule 8.

### B. Persons Amenable to Suit Under Section 1983

Even if the Complaint satisfied Rule 8 and stated a claim for relief, Plaintiff's claims against the State of New Jersey, Northern State Prison, and the Mental Health Department would still fail. As explained below, the Court will dismiss these claims with prejudice because these Defendants are not "persons" subject to liability under Section 1983.

5

The Complaint asserts Section 1983 claims against the State of New Jersey, Northern State Prison, and the Mental Health Department, among others. (*See* ECF No. 1, at 1.) Section 1983 imposes liability on "[e]very *person* who, under color of [State law] . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). To be liable under Section 1983, therefore, a defendant must be a "person." *See id.*

"[A] State is not a person within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). It is also well-established that state prisons and their medical departments are not "persons" subject to liability under Section 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (noting that New Jersey Prison Medical Department, as a state agency, may not be sued under 42 U.S.C. § 1983 because it is not a person); *Williams v. SCO*, No. 15-5609, 2015 WL 5110913, at *2 (D.N.J. Aug. 31, 2015) ("Northern State Prison is not a 'person' for purposes of § 1983 litigation.").

Here, Plaintiff's claims against the State of New Jersey, Northern State Prison, and the Mental Health Department fail because they are not "persons" subject to liability under Section 1983. *See Will*, 491 U.S. at 64 (stating that a State is not a person under § 1983); *Fisher*, 474 F.2d at 992 (stating that a state prison medical department, as a state agency, is not a person under § 1983); *Williams*, 2015 WL 5110913, at *2 (stating that a state prison is not a person under § 1983). The Court, therefore, will dismiss Plaintiff's Section 1983 claims against these Defendants with prejudice.[2]

---

[2] The dismissal is with prejudice because any attempt to amend the Complaint against these Defendants would be futile. *See Edwards v. Lindenwold Police Department*, No. 21-13076, 2021 WL 3115809, at *4 (D.N.J. July 22, 2021).

6

### IV.    CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's claims against the State of New Jersey, Northern State Prison, and the Mental Health Department. The Court will also dismiss without prejudice Plaintiff's claims against the remaining Defendants. With respect to the latter claims, Plaintiff may file an amended complaint if he believes he can allege facts curing the above deficiencies and entitling him to relief. An appropriate Order follows.

_____
JULIAN XAVIER NEALS
United States District Judge